PER CURIAM:
The claimant alleges that respondent constructed a ditchline directly in front of claimant’s property, which has made it impossible for claimant to utilize his property. As a result, the claimant seeks $20,000.00.
The claimant has operated a used car lot on his property along U. S. 119 in the area of Falling Rock since 1968. He testified that the area in front of his business was excavated for a ditchline in 1979 and in 1984, respectively. The claimant requested that respondent place a drain in the ditchline, but the drain has not been placed.
There is a house on the property which doubled as the office for the claimant's business and had an upstairs apartment which was rented. Since the excavation for the ditch, the claimant has been unable to rent the apartment. Furthermore, the location of the ditch prevents parking and access to the business. The claimant testified that "approximately 400 or 500 feet on up the road would be the closest place that you could get off the road anywhere through there." The claimant has ceased using the property for all purposes. Although the claimant stated that the used car business was a profitable one, he could not estimate the number of cars sold per year. The claimant confirmed the fact that he did receive correspondence in March 1977 from the Department of Motor Vehicles, which agency licenses used car lots. This letter stated that claimant's lot was extremely run down and there did not seem to be any business being conducted from the lot.
William Jerald Reese, a qualified appraiser of real estate in Kanawha county, stated that the property in question, at present, has no value. Mr. Reese's reasons for this evaluation are that it is impossible to get into the property, and there is no parking along the highway in front of the business due to the ditchline.
Leslie A. Putillion, an excavation contractor, testified that the cost of placing a culvert at this site would be approximately $6,870.00. Mr. Putillion could not provide the Court with the specific requirements respondent has with reference to constructing entrances and exits to State highways.
Nelson L. Fowler, Assistant District Maintenance Engineer for respondent,, testified that he is familiar with the location in question. The drainage ditch measures approximately 8-10 inches deep *133 from roadway elevation and perhaps 14-16 inches deep from the existing ground elevation. It is approximately 100-150 feet long. Mr. Fowler spoke with the claimant on three separate occasions. He advised the claimant of the requirements for approach permits, providing the necessary information and forms for the permit. A verbal proposal concerning the ditchline was unacceptable to the respondent and was rejected. A written proposal was not made.
The record in this claim fails to establish that claimant's property is no longer usable. The ditchline was necessary to remedy drainage of the State highway in front of claimant's property. The claimant has made no effort to submit proposals to respondent so that a mutually agreeable solution can be found to provide access to the property. For these reasons, the Court is of the opinion to, and does, deny this claim.
Claim disallowed.